IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHELLEY STONE,                              ) | |
|                                             ) | |
|                     Plaintiff,              ) | |
|                                             )  CIVIL ACTION | |
| v.                                          ) | |
|                                             )  No. 08-2460-CM-GBC | |
|                                             ) | |
| MICHAEL J. ASTRUE,                          ) | |
| Commissioner of Social Security,            ) | |
|                                             ) | |
|                     Defendant.              ) | |
| _____   ) | |

REPORT AND RECOMMENDATION

Plaintiff seeks review of a decision of the Commissioner of
Social Security (hereinafter Commissioner) denying disability
insurance benefits (DIB) and supplemental security income (SSI)
under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social
Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and
1382c(a)(3)(A)(hereinafter the Act).  42 U.S.C. §§ 416(i) and
423(hereinafter the Act).  Finding error as alleged by plaintiff,
the court recommends remand for a proper evaluation of Dr.
Wichman's opinion, and other proceedings as necessary.

I.   Background

Plaintiff applied for DIB and SSI on July 17, 2003 alleging
disability beginning June 29, 2003.  (R. 19, 67-69, 270-72).
Plaintiff's applications were denied initially, upon

reconsideration, and, on June 1, 2006, after a hearing before an
Administrative Law Judge (ALJ).  (R. 19, 36, 37, 273, 274, 278-
84).  Plaintiff sought and was granted review, and the Appeals
Council vacated the June 1, 2006 decision and, remanded for
further proceedings.  (R. 19, 288, 291-94, 314-17).

On remand, evidence was received, and a supplemental hearing
was held at which plaintiff was represented by counsel and
testimony was taken from plaintiff and a vocational expert.  (R.
19, 318-80, 425-53).  On July 12, 2007, ALJ Guy E. Taylor issued
a decision in which he found that when considering plaintiff's
drug addiction or alcoholism (DAA) plaintiff is unable to perform
any work existing in the economy, but that drug addiction or
alcoholism is a contributing factor material to the determination
of disability and, therefore, plaintiff is not disabled within
the meaning of the Act.  (R. 19-33).

Plaintiff again disagreed with the ALJ's decision and sought
review.  (R. 15, 381-85).  The Appeals Council found no reason
under their rules to review the decision, and denied review.  (R.
9-11).  Therefore, the ALJ's decision is the final decision of
the Commissioner.  Id.; Blea v. Barnhart, 466 F.3d 903, 908 (10th
Cir. 2006).  Plaintiff now seeks judicial review.

**II.  Legal Standard**

The court's review is guided by the Act.  42 U.S.C.
§§ 405(g), 1383(c)(3).  Section 405(g) provides, "The findings of

the Commissioner as to any fact, if supported by substantial

evidence, shall be conclusive."  The court must determine whether

the factual findings are supported by substantial evidence in the

record and whether the ALJ applied the correct legal standard.

Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v.

Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial

evidence is more than a scintilla, but less than a preponderance,

and it is such evidence as a reasonable mind might accept to

support a conclusion.  Zoltanski v. F.A.A., 372 F.3d 1195, 1200

(10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir.

1988).  The court may "neither reweigh the evidence nor

substitute [it's] judgment for that of the agency."  White, 287

F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs.,

933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395

F.3d 1168, 1172 (10th Cir. 2005).  The determination of whether

substantial evidence supports the Commissioner's decision,

however, is not simply a quantitative exercise, for evidence is

not substantial if it is overwhelmed by other evidence or if it

constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v.

Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

     An individual is under a disability only if that individual

can establish that she has a physical or mental impairment which

prevents her from engaging in substantial gainful activity and is

expected to result in death or to last for a continuous period of

at least twelve months.  42 U.S.C. § 423(d).  The claimant's

impairments must be of such severity that she is not only unable

to perform her past relevant work, but cannot, considering her

age, education, and work experience, engage in any other

substantial gainful work existing in the national economy.  Id.

The Commissioner uses a five-step sequential process to

evaluate whether a claimant is disabled.  20 C.F.R. §§ 404.1520,

416.920 (2007); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir.

2004); Ray, 865 F.2d at 224.  "If a determination can be made at

any of the steps that a claimant is or is not disabled,

evaluation under a subsequent step is not necessary."  Williams

v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines

whether claimant has engaged in substantial gainful activity

since the alleged onset, whether she has severe impairments, and

whether the severity of her impairments meets or equals the

severity of any impairment in the Listing of Impairments (20

C.F.R., Pt. 404, Subpt. P, App. 1).  Id. at 750-51.  If

plaintiff's impairments do not meet or equal the severity of a

listing, the Commissioner assesses claimant's residual functional

capacity (RFC).  20 C.F.R. §§ 404.1520, 416.920.  This assessment

is used at both step four and step five of the sequential

evaluation process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform her past relevant work, and whether she is able to perform other work in the economy.  Williams, 844 F.2d at 751.  In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims both that the ALJ erred in failing to recontact Dr. Wichman, a staff psychiatrist at the VA hospital where plaintiff receives her medical and psychiatric treatment, and that the error is not harmless.  The Commissioner argues that the ALJ had no duty to recontact Dr. Wichman because the duty only applies to treating physicians, because Dr. Wichman's report does not contain a conflict or ambiguity that must be resolved, and because "other evidence in the record substantially supported the ALJ's RFC conclusions."  (Comm'r Br. 16).

**III. Discussion**

Dr. Wichman, a staff psychiatrist at the VA hospital treated plaintiff on two occasions, July 3, 2006 and August 4, 2006.  (R. 345-48).  The record contains a copy of a "Statement of Medical Condition" form promulgated by the State of Kansas, Department of

Social and Rehabilitation Services, and signed on July 3, 2006 by
Dr. Wichman.  (R. 321-28).  In that form, Dr. Wichman checked a
block indicating plaintiff has "Functional psychotic disorders
which cause severe functional limitations precluding competitive
employment and requiring ongoing psychiatric or psychological
treatment."  (R. 326).  Dr. Wichman also provided narrative
discussion in his report:  "Pt has BMD Type II.  This limits her
ability to handle conflict normally.  This has limited employment
options for pt."  He noted he had not advised plaintiff to limit
her activities, but stated, "Pt advised she must stay clean of
cocaine and meth in order to treat mental illness."  He stated
his recommended treatment:  "Continued Behavioral Health
appointments.  Continued UDS [drug screening] labs to monitor
Drug use will see back in 6 wks."  In response to the question,
"Is the condition stabilized so that this person can participate
in an employment or training program?" Dr. Wichman responded, "At
this point yes.  Has been following in clinic and is med
compliant."  (R. 327).

     The ALJ summarized plaintiff's July 3rd visit with Dr.
Wichman, noting that plaintiff's drug screen was free of cocaine
and methamphetamine and positive only for marijuana; that Dr.
Wichman agreed he would sign plaintiff's general assistance
disability papers because plaintiff had been medication
compliant, had made her follow-up appointments, and had been

-6-

sober from cocaine and methamphetamine for twelve weeks; and that

Dr. Wichman told plaintiff she needed to stop smoking marijuana.

(R. 27).  He also summarized the visit on August 4, 2006, noting

that Dr. Wichman stated plaintiff's drug screen was free of

cocaine and methamphetamine, but positive for opioids and

marijuana; that plaintiff had taken a friend's percocet for pain

the day before, but promised not to do so again after she found

out that doing so was drug abuse; that plaintiff said her mood

was pretty good and hallucinations and psychosis were gone since

she started taking medication; and that Dr. Wichman told

plaintiff again to stop using marijuana.  Id.

The ALJ considered the opinions of Dr. Wichman in the

disability papers described above, and made this analysis:

> The undersigned gives little weight to these papers
> since some of the opinions stated therein internally
> conflict with each other.  On one hand, Dr. Wichman put
> an "x" next to an item that says the claimant has
> "Functional psychotic disorders which cause severe
> functional limitations precluding competitive
> employment and requiring ongoing psychiatric or
> psychological treatment."  In the same document, Dr.
> Wichman states that the claimant's bipolar disorder has
> only "limited employment options" (and not precluded
> all employment), and that the claimant's current
> condition was stabilized so that she could participate
> in an employment or training program.

(R. 29)(emphasis added)(citations omitted).

### A.    The Parties' Arguments

Plaintiff argues that because the ALJ found an internal

conflict in Dr. Wichman's report, he was required to recontact

Dr. Wichman and resolve the ambiguity created by the conflict.

(Pl. Br. 7-8)(citing 20 C.F.R. §§ 404.1512, 416.912; and <u>Soc.

Sec. Ruling</u> (SSR) 96-5p).[1]  Plaintiff cites to the case of <u>Palmer

v. Barnhart</u>, No. 05-2372-JWL, 2006 WL 1581004 (D. Kan. June 6,

2006), for the proposition that the duty to recontact is

triggered when there is a report from a treating physician which

contains an <u>internal conflict</u> as opposed to a conflict between

the report and some other evidence in the record.  <u>Id.</u> at 8.

The Commissioner makes three arguments that in a situation

such as is presented here there is no duty to recontact Dr.

Wichman.  First, he cites the regulations for the proposition

that the duty to recontact only applies to treating physicians,

and argues that Dr. Wichman was not a treating physician as

defined in the regulations when he completed the opinion at issue

at his first encounter with plaintiff.  (Comm'r Br. 14-15).

Next, he argues the report did not produce a conflict or an

ambiguity <u>that needed to be resolved</u> within the meaning of the

regulations and the law of the Tenth Circuit because although Dr.

Wichman checked a block stating plaintiff's mental condition

precludes competitive employment, the report also contains a

narrative in which Dr. Wichman explained that when plaintiff

---

[1]Plaintiff did not number the pages in her brief, so the
court has used the page numbers assigned by the software it used
in reading that "pdf" file (portable document file) in the
court's Case Management/Electronic Case Filing (CM/ECF) system.

abstains from drug abuse, is compliant with her medications, and

engages in follow-up care, she has employment options and may

participate in employment or in a training program.  Id. at 15-

16.  Finally, the Commissioner argues that there is no duty to

recontact Dr. Wichman because there is other substantial evidence

in the record which supports both the ALJ's RFC conclusions and a

finding that plaintiff could perform work if she stopped using

drugs and alcohol.  Id. at 16-19.

In her reply brief, plaintiff argues that in affirming a

decision the court may not "create post-hoc rationalizations" or

rely upon a rationale outside that presented in the decision.

(Reply 1).  She cites Andersen v. Astrue, No. 05-4305, 2009 WL

886237 (10th Cir. April 3, 2009)[2] for the proposition that it is

the inadequacy of the report provided by the treating physician

not the inadequacy of the administrative record which triggers

the duty to recontact the treating physician.  Id. 2.

**B.   Analysis**

As plaintiff argues, the regulations recognize the

importance of treating source opinions, and provide that when the

---

[2]The court notes that Andersen v. Astrue is an unpublished
decision of the Tenth Circuit, and although it is available via
electronic means, plaintiff neither alternatively provided a
proper citation to an electronic service, nor attach a copy of
that decision as an exhibit to her brief, as required by D. Kan.
R. 7.6(b).  Moreover, she misspelled the plaintiff's name in the
partial citation she provided in her brief, thus rendering it
more difficult for the court to locate the decision cited.

evidence received from a "treating physician or psychologist or

other medical source is inadequate" to determine disability, the

Commissioner needs additional information and will take certain

actions to obtain the information.  20 C.F.R. §§ 404.1512(e),

416.912(e).  The Commissioner "will seek additional evidence or

clarification from [plaintiff's] medical source when the report

from [that] medical source contains a conflict or ambiguity that

must be resolved, . . . does not contain all the necessary

information, or does not appear to be based on medically

acceptable clinical and laboratory diagnostic techniques."  20

C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).  In SSR 96-5p, the

Commissioner reiterated the importance of treating source

evidence, and noted that if an ALJ "cannot ascertain the basis of

the [treating source] opinion from the case record, the

adjudicator must make 'every reasonable effort' to recontact the

source for clarification of the reasons for the opinion."  West's

Soc. Sec. Reporting Serv., Rulings 127 (Supp. 2009).

In a line of cases dating back to 1994, the Tenth Circuit

has recognized the duty to recontact a treating physician when

his report is inadequate to determine disability.  Maes v.

Astrue, 522 F.3d 1093, 1098 (10th Cir. 2008)(inadequate

evidence); Madrid v. Barnhart, 447 F.3d 788, 791 (10th Cir.

2006)(failure to seek results of a test of which ALJ was aware,

and plaintiff was unrepresented); Robinson v. Barnhart, 366 F.3d

Case 2:08-cv-02460-CM   Document 21   Filed 09/24/09   Page 11 of 16

1078, 1084 (10th Cir. 2004)(finding physician provided insufficient support for his conclusions requires recontact); McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002)(ALJ doubted the physician agreed with the opinion he signed); White v. Barnhart, 287 F.3d 903, 908-09 (10th Cir. 2001)(not rejection of the physician's opinion, but inadequacy of the evidence received from physician triggers duty); Church v. Shalala, No. 93-7070, 1994 WL 139015, *2-3 (10th Cir. April 19, 1994)(citing inadequacy of evidence received, remanding for failure to adequately develop the record).  In a 2006 decision, Judge Lungstrum of this district had the opportunity to determine under what circumstances a conflict requires the Commissioner to recontact a treating physician.  Palmer v. Barnhart, No. 05-2372-JWL, 2006 WL 1581004, at *5-6 (D. Kan. June 6, 2006).  In that case, the court determined that where there is a conflict between the physician's report and other evidence in the administrative record, it is the Commissioner's duty to resolve the conflict, and he need not recontact the physician.  Id. at *5.  Where the Commissioner finds a conflict within the treating physician's report, on the other hand, the Commissioner must seek to resolve the conflict by contacting the physician.  Id.

     Applying the law summarized above to the facts of this case leads to the conclusion that the ALJ erred in failing to attempt to recontact Dr. Wichman.  As quoted above, and as plaintiff

-11-

argues, the ALJ specifically found that the opinions in Dr. Wichman's report "internally conflict with each other."  (R. 29)(emphasis added).  Because the ALJ found an internal conflict in the report, he was required to attempt to contact Dr. Wichman for clarification.  Remand is necessary for the Commissioner to do so.

The Commissioner's arguments do not require a different conclusion.  First, the Commissioner argues that Dr. Wichman was not a treating physician as defined in the regulations when he completed the opinion at issue, and the duty does not apply with regard to Dr. Wichman.  It is by no means clear that the duty to recontact applies only to a treating source, because the regulations refer to recontacting "your treating physician or psychologist or other medical source."  20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).  However, it may be that "treating" as used in the regulations applies equally to a treating physician, a treating psychologist, or an "other [treating] medical source," but the Commissioner provides no argument in support of that proposition.

Nonetheless, the court need not decide whether Dr. Wichman is a treating source, because as plaintiff argues, the court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision.  Grogan v. Barnhart,

399 F.3d 1257, 1263 (10th Cir. 2005).  "The grounds upon which an

administrative order must be judged are those upon which the

order discloses that its action was based."  SEC v. Chenery

Corp., 318 U.S. 80, 87 (1943); see also, Burlington Truck Lines,

Inc. v. United States, 371 U.S. 156, 168-69 (1962)(courts may not

substitute their discretion or counsel's discretion for that of

the agency).  An ALJ's decision should be evaluated solely on the

reasons stated in the decision.  Robinson, 366 F.3d at 1084

(citing Burlington Northern, 371 U.S. at 168-69).  A decision

cannot be affirmed on the basis of appellate counsel's post hoc

rationalizations for agency action.  Knipe v. Heckler, 755 F.2d

141, 149 n.16 (10th Cir. 1985).

       If Dr. Wichman were not a treating source, that fact would

be one basis for discounting his opinion.  20 C.F.R.

§§ 404.1527(d), 416.927(d).  Here, however, the ALJ gave but one

basis for his decision to accord little weight to Dr. Wichman's

opinion--the opinion had internal conflicts.  While Dr. Wichman

may not have been a treating source within the meaning of the

regulations at plaintiff's first visit, he clearly treated

plaintiff, and the ALJ did not express the weight to be given or

reduced because of the length of the treatment.

       The Commissioner next argues that any conflict or ambiguity

present in the opinion did not need to be resolved because the

report contains a narrative in which Dr. Wichman explained his

-13-

opinion.  The Commissioner's second argument fails for the same

reason the first argument does--it is merely post-hoc

rationalization upon which the court may not rely.  If the ALJ

believed Dr. Wichman's narrative explained the ambiguity

presented by Dr. Wichman's block-check, he would have found no

internal conflict in the opinion.  The ALJ specifically found

internal conflict in the opinion, thus making clear that he did

not rely upon the reason proffered.  Therefore, the court may not

rely upon counsel's rationalization.

Finally, the Commissioner argues that there is no duty to

recontact Dr. Wichman because other substantial evidence in the

record supports both the ALJ's RFC conclusion and the finding

that plaintiff could perform work if she stopped using drugs and

alcohol.  The court may not reweigh the evidence.  It is for the

ALJ in the first instance to determine whether substantial

evidence in the record requires that a physician's opinion be

rejected.  Here, he did not do so, but merely rejected the

opinion because he found internal conflicts.  Again, the court

may not rely upon counsel's post-hoc rationalizations which are

not apparent from the decision.

To the extent the Commissioner's brief argues that any error

in failing to contact Dr. Wichman is harmless, the court also

rejects that argument.  As plaintiff points out, the Tenth

Circuit has explained that harmless error analysis "may be

-14-

appropriate to supply a missing dispositive finding . . . where,
based on material the ALJ did at least consider (just not
properly), we could confidently say that no reasonable
administrative factfinder, following the correct analysis, could
have resolved the factual matter in any other way." Fisher-Ross
v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005)(quoting Allen,
357 F.3d at 1145).

The court cannot say that a reasonable factfinder following
the correct analysis must find that if plaintiff stops using
drugs and alcohol, she is able to work.  Dr. Wichman opined that
plaintiff's condition precludes competitive employment.  (R.
326).  He noted that plaintiff had been sober from cocaine and
methamphetamine for over twelve weeks at the time he formed this
opinion.  (R. 348).  Although there is contrary evidence in the
record, a reasonable factfinder might credit Dr. Wichman's
opinion and conclude from these facts that plaintiff is unable to
work even if she stops using drugs and alcohol.  Therefore,
remand is necessary for further proceedings.

On remand, the Commissioner must seek to clarify the
conflicts found in Dr. Wichman's opinion by attempting to
recontact Dr. Wichman.  Thereafter, he must evaluate the record
evidence and determine the weight to be accorded to Dr. Wichman's
opinion in light of his evaluation.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision be REVERSED and that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review.  Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 24th day of September 2009, at Wichita, Kansas.


                                        s:/  Gerald B. Cohn
                                        **GERALD B. COHN**
                                        **United States Magistrate Judge**